**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0289n.06

Case No. 18-4122

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| GLORIA ESPERANZA AGUILAR-GALDAMEZ, | ) ) ) | **FILED**<br>Jun 04, 2019<br>DEBORAH S. HUNT, Clerk |
| Petitioner, | ) ) | ON PETITION FOR REVIEW |
| v. | ) ) ) | FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| WILLIAM P. BARR, Attorney General, | ) ) | **OPINION** |
| Respondent. | ) ) | |

BEFORE: GILMAN, STRANCH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. An immigration court ordered the removal of Gloria Esperanza Aguilar-Galdamez, a native of El Salvador who entered the United States without permission in 1999. She asked the Board of Immigration Appeals to terminate the proceeding for lack of jurisdiction. The Board rejected her request and affirmed the immigration court's order. She now petitions for review of that decision, and we affirm.

The Department of Homeland Security issued a Notice to Appear on April 18, 2014, charging Aguilar-Galdamez with removability under 8 U.S.C. § 1182(a)(6)(A)(i). The Notice ordered Aguilar-Galdamez to appear before an immigration judge in Memphis, Tennessee. But it did not specify a date or time for the hearing. That happened later, when the immigration court sent out two follow-up notices. The first scheduled the hearing for November 18, 2014, and the second rescheduled the hearing to February 4, 2015.

Aguilar-Galdamez showed up for the February 4 hearing. The immigration judge continued the proceeding so that Aguilar-Galdamez could have time to obtain counsel. Then, about one year later, Aguilar-Galdamez conceded the charge and asked for cancellation or withholding of removal. The immigration judge denied both requests. Aguilar-Galdamez appealed.

While her case was pending before the Board of Immigration Appeals, Aguilar-Galdamez moved to terminate the proceedings. She argued that under the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the immigration court never obtained jurisdiction over her case. That's because, she argued, the Notice to Appear lacked the time and date of her hearing. But the Board found that *Pereira* did not control, denied her motion, and affirmed the immigration court's decision.

Aguilar-Galdamez filed a petition for review. The only issue she raises is whether the immigration court has jurisdiction over a case when the Notice to Appear did not provide the date and time of the hearing.

Immigration courts obtain jurisdiction when "a charging document is filed." 8 C.F.R. § 1003.14(a). A charging document can be one of three things: a Notice to Appear, a Notice of Referral to Immigration Judge, or a Notice of Intention to Rescind and Request for Hearing by Alien. 8 C.F.R. § 1003.13. In *Pereira*, addressing a different issue, the Supreme Court held that a Notice to Appear must contain the place and time of the hearing to trigger what's known as the "stop-time rule" for cancellation of removal. *Pereira*, 138 S. Ct. at 2109–10; 8 U.S.C. § 1229b(d)(1)(A). It explained that a Notice to Appear is deficient under 8 U.S.C. § 1229(a) without this information. *Pereira*, 138 S. Ct. at 2114–15. So, Aguilar-Galdamez argues, a Notice lacking the time must also be deficient for vesting jurisdiction with the immigration court.

There are several problems with this argument, only one of which we must address today: our precedent squarely forecloses it. We rejected this argument first in *Hernandez-Perez v. Whitaker*, 911 F.3d 305 (6th Cir. 2018), and again in *Santos-Santos v. Barr*, 917 F.3d 486 (6th Cir. 2019). In those cases, we distinguished *Pereira* because the jurisdictional regulations impose different requirements than the stop-time rule for cancellation of removal. *Hernandez-Perez*, 911 F.3d at 314–15; *Santos-Santos*, 917 F.3d at 489–90. And we held that jurisdiction vests in the immigration court so long as the agency follows up with a notice of hearing that includes the time and place.

Aguilar-Galdamez does not dispute that these cases control. She instead asks us to reconsider for several reasons. But we are bound by our circuit's precedent.[1] *See Gaddis ex rel. Gaddis v. Redford Twp.*, 364 F.3d 763, 770 (6th Cir. 2004). So we affirm.

---

[1] Though Aguilar-Galdamez does not raise the issue, we note briefly that our precedent might be thrown into some doubt by a decision from the Supreme Court in *Kisor v. Wilkie*, No. 18-15, *petition for cert. granted*, 139 S. Ct. 657 (Dec. 10, 2018). That's because *Hernandez-Perez* depended in part on an application of *Auer* deference. *See Hernandez-Perez*, 911 F.3d at 312. So if the Court limits the reach of *Auer*, we might need to revisit the regulatory text again.